DECEMBER, 1828.

### John Yancey and others *against* John Hankins.

JUDGE *Minor* delivered the opinion of the Court.

This is a writ of Error to the Circuit Court of *Monroe.* The Record sets out that " *John Yancey,* late Sheriff, and *James Pickens, Mozea Rosseau,* and *John Fisher,* his securities, were cited to appear and answer unto *John Hankins,* in the words and figures following : viz.

" It appearing to the satisfaction of the Court, upon the " appearance of the parties by their attornies, that due no- " tice has been given, and that the *Sheriff* is liable for the " amount of the following execution : viz."

<div style="margin-left:2em">

John Hankins   }   Judgment, $153 35
    *vs.*     }   Costs,      12 62½
Patterson Rogers. }
                       ————
                       165 97½

</div>

*(margin note: In proceeding against a Sheriff and securities by motion, all the facts and circumstances required by the Statute for the exercise of jurisdiction in this summary mode must appear in the Record.)*

" Whereupon, it is considered by the Court, that the plain- " tiff do recover against the said *John Yancey,* late Sheriff, " *James Pickens, Mozea Rosseau,* and *John Fisher,* his securi- " ties, the sum of one hundred and fifty-three dollars and " thirty-nine cents, together with the sum of twelve dollars " sixty-two and an half cents, the costs in and about said suit " expended in this behalf."

Among the many assignments of Errors filed, the matters relied on as Errors appear to be—That by the Record it does not appear that the defendants to the motion had three days' notice : That by the Record it does not appear what were the specific grounds of the motion : That any execution issued from said Circuit Court, or was returnable to any specific term thereof, or received by *Yancey* while Sheriff —or in his hands while the other defendants were his official securities ; or that the defendants were liable for the amount of the execution.

In the case of *Logwood* and others against the Bank of *Huntsville,* (ante, p. 23,) this Court recognized as an acknowledged principle, which will not be controverted, " that " wherever a summary remedy is given by Statute, those " who would avail themselves of such Statute must be con- " fined strictly to its terms, and shall take nothing by intend- " ment." In the case of *Childress* against *McGehee* at the present term, the Court recognized the same principle as applicable to special and limited jurisdictions, (ante, p. 131.)

DECEMBER, 1823.

Yancy and others
v.
Hankins.

By adverting to the several Acts of Assembly authorizing a recovery by motion against the Sheriff and his securities, for delinquencies of the nature of that which seems to have been here charged, we find that the motion must be made in the Court from which the execution issued : That three days' notice must be given to the defendants : that jurisdiction in this mode can be exercised only where the Sheriff, having received the execution, fails to make due and timely return thereon, or fails on proper demand to pay over the money which he has collected by virtue of the execution. Laws Alabama, 303, 314, 316, sect. 16, 17. 678, sect. 18.

For the defendant in Error, it was contended that the statement in the Record, " that it appeared to the satisfaction of the Court, on the appearance of the parties by their " attorneys, that due notice had been given," shews that the defendants to the motion were brought before the Court according to the terms of the Statute ; and that the other matters assigned as Errors are purely matters of evidence to be determined in the Court below, and not subject to review here, unless spread on the Record by bill of Exceptions.

By the terms of the Statute, the proceeding is to be " *upon giving three days' notice.*" It is not enough that the defendant is before the Court when the motion is made ; he must have had notice for the term prescribed, in order that he may be prepared to defend. The notice of at least " three days " then, seems necessary to the exercise of jurisdiction in this summary way. From the principles above stated, it follows, that the facts or circumstances which these Statutes have made essential to the exercise of this summary jurisdiction should be set forth in the Record, so that the Appellate Court may see that the delinquency charged was such as could be enquired into on motion ; and that this motion has been made before the particular Court empowered to hear and determine it. It is also evidently essential that the Record should have so set out the grounds of the judgment, that it may bar another recovery for the same cause. In all these respects this Record is defective. The judgment must be reversed.